UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA ANN DOBRECEVICH-VOELKEL,

        Plaintiff,

    v.                                                  Case No. 09-C-367

MICHAEL ASTRUE,

        Defendant.

**DECISION AND ORDER**

       Plaintiff Lisa Ann Dobrecevich-Voelkel challenged the decision of the Commissioner of Social Security denying her disability benefits. This Court remanded the case for further proceedings. Plaintiff now seeks attorney's fees under the Equal Access to Justice Act (EAJA). The EAJA provides that a district court may award attorneys' fees where: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir. 2003). Only the second prong is at issue here. In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and his legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving his position was substantially justified. *See Golembiewski,* 382 F.3d at 724.

The government opposes an award of fees on the ground that this Court agreed with it on four of the five main issues presented. Although that is true, the basis for reversal was an issue as to which the Seventh Circuit's precedent was quite clear. *Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009). Had the government considered that precedent, the case could have been remanded at the outset and the fees would have been much lower. In fact, as noted in my decision remanding the action, in *Stewart* the Seventh Circuit awarded fees when the case was remanded based on a rejection of the exact same argument. I cannot conclude the government's position was substantially justified when the Seventh Circuit already found that its identical position taken two years earlier was not justified.

The motion for attorney's fees is **GRANTED**. Plaintiff is awarded $7,386.65, which should be paid to Plaintiff's counsel unless Plaintiff has an existing debt to the government. *See Mathews-Sheets v. Astrue,* --- F.3d ----, 2011 WL 3437029 (7th Cir. 2011).

**SO ORDERED** this   18th   day of October, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge